IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50348
_____

LINDA IRENE MEISTER,

Plaintiff-Appellant,

versus

TEXAS ADJUTANT GENERAL'S DEPARTMENT;
DANIEL JAMES III, BRIGADIER GENERAL,
in his official capacity as ADJUTANT
GENERAL OF THE STATE OF TEXAS,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
(A-97-CV-941-JN)
--------------------
March 17, 2003

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Linda Irene Meister appeals from the district court's grant of summary judgment in favor of Defendants-Appellees, dismissing Meister's Title VII claims for retaliatory transfer and retaliatory failure to promote. In our de novo review of these grants of summary judgment, we have considered the appellate briefs and oral arguments of able counsel and the record

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on appeal, as a result of which we are convinced that the judgments should be affirmed.

## I. Retaliatory Transfer

Meister's transfer was lateral in nature, did not involve a demotion in duties or title, and did not result in a diminution of compensation. Under our case law, therefore, it was not an "ultimate employment decision" and cannot form the basis of an actionable retaliatory transfer claim under Title VII. See, e.g., Burger v. Central Apartment Management, Inc., 168 F.3d 875 (5th Cir. 1999); Jackson v. Dallas Indep. Sch. Dist., 2000 WL 191674, *3 n.4 (N.D.Tex.), aff'd., 232 F.3d 210 (5th Cir. 2000); Palmer v. Transit Mgmt. Southeast Louisiana, 2000 WL 41204, *5 (E.D.La.), aff'd., 232 F.3d 208 (5th Cir. 2000). Summary judgment on Meister's transfer claim was properly granted.

## II. Retaliatory Failure to Promote

Meister's failure to obtain promotion to the position of State Human Resources Manager/Program Administrator IV, in contrast, was an ultimate employment decision; and she was able to demonstrate awareness by her employer that she had filed a discrimination suit in temporal proximity to the decision to promote an applicant other than Meister. She was not, however, able to demonstrate a genuine issue of material fact to support her charge of pretext regarding her employer's proffered non-discriminatory reason for failing to promote Meister. We are satisfied, on the basis of the uncontradicted summary judgment evidence, that the methodology

2

established and followed by her employer in screening the 31 applications from which to select six applicants for interviews was fair and objective, and that Meister was not clearly more qualified than the applicant ultimately selected for the position. This demonstrates that the employer's reason for hiring an applicant other than Meister (and 29 others) was both legitimate and non-discriminatory. As such, Meister failed to bear the burden of demonstrating that she was clearly better qualified for the position than the successful, non-protected applicant who was ultimately selected. See Odom v. Frank, 3 F.3d 839 (5th Cir. 1993).

"Unless disparities in curricula vitae are so apparent as virtually to jump off the page and slap us in the face, we judges should be reluctant to substitute our views for those of the individual charged with the evaluation duty by virtue of their years of experience and expertise in the field in question." Id. at 847. Based on a comparison of Meister's application with those of the six who were selected for interview, including the one who was promoted, we cannot say that she has demonstrated that reasonable and fair-minded persons in the exercise of impartial judgment, might have found pretext in the employer's proffered explanation for interviewing those six other persons for the position in question and for selecting the eventual winner. Summary judgment was, therefore, properly granted on Meister's Title VII claim for retaliatory failure to promote as well.

3

AFFIRMED.

S:\OPINIONS\UNPUB\02\02-50348.0.wpd
4/29/04  10:46 am